[No. 18946. *En Banc.* August 3, 1925.]

The State of Washington, *Respondent,* v. G. R. Etheridge, *Appellant.*[1]

Intoxicating Liquors (29, 53)—Illegal Possession—Searches and Seizures—Suppression of Evidence. · A conviction of illegal possession of intoxicating liquor is not sustained, and evidence of the liquor should have been suppressed, where it appears that accused was arrested in a U. S. Military Reservation by Federal officers, and by them compelled to drive his automobile into another county, and to state police officers to whom, he was turned over and who thereupon seached his automobile and found therein intoxicating liquors; since his possession of the liquor in such county was not voluntary but was, in fact, the possession of the Federal officers.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered May 7, 1924, upon a trial and conviction of unlawful possession of intoxicating liquors, entered upon an agreed statement of facts. Reversed.

*Walter Metzenbaum,* for appellant.

*Roscoe R. Fullerton* and *A. W. Tyler,* for respondent.

[1]Reported in 238 Pac. 19.

MACKINTOSH, J.—Appellant was prosecuted in the police court for Olympia, and in the justice court for Thurston county, for the offense of having intoxicating liquor in his possession, in violation of the laws of this state. The charge in each case was based on the same state of facts, and the two cases were consolidated and tried jointly. Prior to the hearing, a motion to suppress the evidence seized was interposed, and supported by the affidavit of the appellant, on the ground that the seizure was illegally made. The motion was denied and exception allowed. Thereupon a trial was had on the merits which resulted in a judgment of a fine of $250 being imposed upon appellant in each case. From this judgment, appeal was taken to the superior court where, prior to the hearing of the case on the merits, motion was again made to suppress the evidence seized upon the same grounds, which motion was again denied, and an exception allowed. The affidavit of appellant in support of the motion to suppress, after the formal parts, relates:

"That on January 5, 1924, he was driving in a Ford automobile in the military reservation of Camp Lewis, state of Washington, and his car was stopped by the military police from said military reservation; and that while one of the military police preceded him in an automobile, another military police sat in the front seat of the car and at the point of a gun forced the said defendant to drive said automobile into Thurston county and into the city of Olympia and to the police station therein; that affiant was informed that he was suspected of being a person who was being searched for as the one who had recently committed a robbery on the public road and was taken to the police station for no other reason. That the police officers of Olympia were about to release affiant when the chief of police of Olympia, by his subordinate, without any search warrant, proceeded to search the automobile of the defendant, which was done, and 120 bottles of liquor were

found in said automobile. That affiant was not arrested at the time the search was made and was merely held as a suspect of a holdup and had already been exonerated of this suspicion; that about one hour later, after the defendant had been incarcerated, the police officers exhibited to him a search warrant after the search had been made."

After the motion to suppress had been denied by the court below, an agreed statement of facts was filed in the case and submitted to the court, as follows:

"It is stipulated and agreed by and between the parties to the above entitled action that the following are the facts upon which the charge against the defendant herein is based: That on January 5, 1924, defendant was driving a Ford automobile through the U. S. Military reservation, known as Camp Lewis, all of which is situated in Pierce county, state of Washington; that while within the confines of said reservation his car was stopped by two of the military police force belonging to said reservation; that said officers did not hold commissions as special deputy sheriffs for the state of Washington; that these military officers took the defendant and his automobile into custody and at the point of a gun forced him to drive his automobile into Thurston county, and to the police station in the city of Olympia, the county seat of said county; that the military officers took the defendant into custody and carried him to Olympia with his automobile because they suspected he was a person who had recently committed robbery on the public highway and for no other reason; that on the arrival at the police station in Olympia it was ascertained that he was not the person wanted for the highway robbery and he was released from custody; that while he was in the police station a deputy sheriff secured a search warrant and made the search of his automobile and in the automobile were found one hundred and fifty bottles of intoxicating liquor; that affiant was not under arrest at the time of the search and seizure but was taken into custody solely as a suspect and had been exonerated of this suspicion before the search of the automobile was

made; that before said search a police officer examined the automobile for evidence of robbery and found the intoxicating liquor therein. It is stipulated that the parties waive the calling of witnesses to prove the facts herein stipulated and agreed upon and also any irregularities or informalities in the submission of this cause to the court for determination and disposition."

After the trial court had read and considered the agreed statement of facts, appellant moved to dismiss the consolidated cases on the ground that the court was without jurisdiction. The motion was denied and an exception allowed. The court then found appellant guilty as charged, and adjudged him to pay a fine of $250 and costs in each case. A motion for new trial and a motion in arrest of judgment on all the statutory grounds were interposed, which were each denied.

While appellant assigns six errors as ground for reversal, he has argued but two; the first one being the denial of his motion to suppress evidence.

The stipulated facts with reference to this matter show that after appellant had been brought to the police station in Olympia and while he was in conference with the police officers, one of the latter examined his automobile for evidence of the robbery for which he was being held, and found 150 bottles of intoxicating liquor. The officer then procured a search warrant and by means thereof took possession of the liquor. At that time appellant was not under arrest for any liquor crime.

Considerable argument has been made based upon the well-known rules touching the involuntary and compelled committing of a crime, but in our view of the case, these rules have no application here. From the stipulated facts, it will be noticed that, at the time of the arrest, the appellant was outside of the jurisdiction of the state laws, being in the Camp Lewis mili-

tary reservation, and that he was compelled by the Federal officers who had arrested him in the reservation to come into Thurston county and within the sphere of the state liquor laws; that he and his automobile under that coercion were brought into Thurston county.

In the eyes of the law, when the appellant so entered Thurston county and came to the Olympia police station, he was not in "possession" of intoxicating liquor, but he, his car and the liquor in it were all under the control of the Federal officers and in their possession. At the moment of his arrest in the military reservation as a suspected robber, he had no further free and voluntary disposition of himself and his effects, lawful or unlawful, and by no logical process of reasoning can it be said that the possession of this liquor at any moment was retaken by the appellant from the custody of the arresting officers. The fact that the arresting officers did not know that certain things were in the appellant's automobile until they were discovered by the state's police officers can make no difference; their control of his person and effects became absolute as the ordinary concomitants of arrest. When the sheriff procured his search warrant and seized the liquor, he did not seize it from the appellant—he took it from the custody and control of the United States. To make the appellant liable to arrest, he must, at some time during his sojourn in Thurston county, have retaken possession of the liquor—this he did not do and could not do.

It is no answer to appellant's contention to say that, while he himself was forced to come within the jurisdiction of the state law, he was not forced to bring the liquor in his car with him. The facts are the contrary. When arrested, he and his car were at the disposal of the Federal officers and they, not he, really drove the

car and its contents into Thurston county, though he actually sat at the wheel. He became simply an agent of the Federal officers for the purpose of driving the car to Olympia.

No crime, voluntary or involuntary, was committed by the appellant, and the judgment is therefore reversed.

TOLMAN, C. J., PARKER, MITCHELL, ASKREN, and MAIN, JJ., concur.

BRIDGES and HOLCOMB, JJ., dissent.

FULLERTON, J., took no part.